# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT OLLIE, #B87455, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-cv-324-GPM |
| | ) |
| ROBERT BURNS, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Robert Ollie ("Ollie"), an inmate at Lawrence Correctional Center ("Lawrence") serving a fifteen year sentence for aggravated battery with a firearm, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He complains of events occurring while he was a pretrial detainee at Jackson County Jail.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds that portions of Plaintiff's claims are subject to dismissal.

**Facts Alleged in Complaint**

On or about June 12, 2009, Plaintiff was reading in the day room of the Jackson County Jail when he and Defendant Cook, a sheriff's deputy, got into a heated conversation. This heated conversation escalated into an assault and Cook along with Defendant Lustig, punched, kicked, and choked Plaintiff. Defendants Huffman, Bludworth and Sayer, all sheriff's deputies, then assisted Cook and Lustig by handcuffing Plaintiff. These five sheriff's deputies repeatedly shocked Plaintiff while he was restrained with a stun gun on Plaintiff's legs, chest, and stomach.

Defendants then dragged Plaintiff to a segregation cell. Yet, as the Defendants dragged Plaintiff, his head repeatedly struck the concrete steps of the cell block. Plaintiff asserts the sheriff's deputies used excessive force and violated his constitutional protections against cruel and unusual punishment.

Plaintiff remained in his segregated cell, shoeless, for six days. During these six days Plaintiff was denied medical treatment for the injuries he sustained during his beating and restraint. Plaintiff informed Cook, Lustig, Bludworth and Hoffman of his injuries and need for medical care. Yet Plaintiff never received any treatment until his initial appearance on related state assault charges, at which time the presiding judge ordered treatment for Plaintiff. Plaintiff claims these Defendants displayed deliberate indifference to his injuries.

In addition to these claims, Plaintiff also names the County of Jackson, Jackson County Sheriff Robert Burns, and Lieutenant Whitbeck as Defendants. Plaintiff claims these three Defendants ignored his attempts to file grievances about his beating and injuries. Moreover, Plaintiff asserts the lack of response to his injuries was part of a conspiracy to thwart investigation and disclosure of the incident. According to Plaintiff, the conspiracy was part of a regular and frequent pattern of mistreatment of pretrial detainees at the Jackson County Jail.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into three counts. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of each count does not constitute an opinion as to its merit.

**Count One - Excessive Force**

Although claims brought pursuant to Section 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Bd. v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)); *see also Forrest v. Prine*, 620 F.3d 739 (7th Cir. 2010). In the prison context, the Eighth Amendment is violated where there is an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Force is considered excessive where it is not utilized in "a good-faith effort to maintain or restore discipline", but instead is applied "maliciously and sadistically" to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Plaintiff claims that Cook and Lustig punched, choked, and kicked him repeatedly and that Bludworth, Huffman and Sayer handcuffed him and then repeatedly used a stun gun to shock him. Whether the force used in this instance was part of a good-faith effort to maintain discipline or was carried out maliciously is not yet capable of being determined. Thus, Plaintiff's claim against Cook, Lustig, Bludworth, Huffman and Sayer cannot be dismissed at this time.

**Count Two - Deliberate Indifference**

Although Cook, Lustig, Bludworth, Hoffman and Sayer are not medical providers, the Seventh Circuit has held that a prison guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). Here, Plaintiff asserts Cook, Lustig, Bludworth, Hoffman and

4

Sayer assaulted him and then prevented him from getting immediate medical attention for his injuries. At this stage, it cannot be determined whether the actions of Cook, Lustig, Bludworth, Hoffman and Sayer resulted in Plaintiff being denied medical care or otherwise constituted deliberate indifference to Plaintiff's serious medical needs. Therefore, Plaintiff's claim against these Defendants shall receive further consideration.

### Count Three -Municipal and Supervisor Liability

Plaintiff names Jackson County as a Defendant. He also names Jackson County Sheriff Robert Burns, as a Defendant and claims he is responsible for the alleged unconstitutional practices at the jail. Additionally, Plaintiff names Lieutenant Whitbeck as a Defendant and alleges Whitbeck ignored Plaintiff's complaints against Burns and Jackson County.

In order to obtain relief against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006).

Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi,* 449 F.3d at 765. *See also Monell,* 436 U.S. at 694. "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Estate of Sims ex rel. Sims v. Cnty. of Bureau,* 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986)). *See also Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007)

5

("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'" (quoting *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007))).

In this case, Plaintiff's allegations merely assert the acts of the individual sheriff's deputies violated the Due Process rights of detainees at Jackson County Jail. Plaintiff does not make any assertion either Burns or Jackson County is responsible for any of the violations described. Moreover, Burns cannot be held liable for alleged violations of Plaintiff's constitutional rights merely because he is the chief administrator of the jail. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Plaintiff's claims Whitbeck ignored Plaintiff's verbal complaints about the sheriff's deputies behavior. Plaintiff also asserts Whitbeck did not readily assist Plaintiff in the grievance process. Plaintiff's exhibits indicate both that he was able to file grievances with the Illinois Department of Corrections and that he received responses to the grievances. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Plaintiff fails to raise any legitimate Due Process concerns with respect to Whitbeck.

Plaintiff's claims against Defendants Burns, County of Jackson, and Whitbeck shall be dismissed.

**Disposition**

**IT IS HEREBY ORDERED** that **Count Three**, Plaintiff's complaint against Defendants **COUNTY OF JACKSON, BURNS** and **WHITBECK** fails to state a claim upon which relief may be granted, and is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that, as to the claims in **Counts One** and **Two**, the Clerk of Court shall prepare for each of the remaining Defendants **COOK, LUSTIG, BLUDWORTH, HUFFMAN** and **SAYER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendants' places of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if any Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon each Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Each Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under§ 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** May 22, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge