IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT OLLIE | ) |
|           Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CIVIL NO. 11-324-GPM |
| DARLENE BLUDWORTH, TRAVIS COOK, JAKE LUSTIG, JOHN HUFFMAN, and JOSH SAYER, | ) ) ) |
| | ) |
|           Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case comes before the Court on a motion to dismiss filed by Defendants (Doc. 36).[1] Plaintiff has filed a response in opposition to Defendants' motion to dismiss (Doc. 43). Although Plaintiff did not *timely* file his response in opposition, the delay may have been due to confusion over postage at Lawrence Correctional Center ("Lawrence") where Plaintiff resides (Doc. 44). Given this possible confusion, the Court still considered Plaintiff's response before arriving at its decision. Plaintiff's response, however, was unavailing and for the following reasons, Defendant's motion to dismiss (Doc. 43) is **GRANTED**.

## BACKGROUND

Plaintiff's first amended complaint, which is the operative complaint here, asserts four claims for relief that relate to an incident in June 2009 at the Jackson County Jail (Doc 27). The instant motion to dismiss only concerns count four of Plaintiff's amended complaint: a state law

---

[1] Defendants in this case are all employees working for the Jackson County, Illinois Sheriff's Department. Defendants are Deputy Travis Cook, Deputy Jake Lustig, Sergeant Darlene Bludworth, Deputy John Huffman, and Deputy Josh Sayer.

claim of civil conspiracy. Count four of the amended complaint asserts that Defendants along with other un-sued co-conspirators engaged in a course of conduct to intentionally inflict emotional distress on Plaintiff and maliciously prosecute him (Doc. 27). Defendants also conspired together to use excessive force on Plaintiff and then act with deliberate indifference toward Plaintiff by not providing him medical care (Doc. 27). Essentially, Plaintiff claims Defendants conspired to beat him, prevent him access to medical care, and cause him emotional distress.

Defendants contend that Plaintiff's conspiracy claim amounts to nothing more than a bare recitation of the elements of conspiracy, which fails to comply with the federal notice pleading requirements outlined in *Ashcroft v. Iqbal*, 556 U.S. 662 (2209). Accordingly, Defendants ask this Court to dismiss Plaintiff's conspiracy claim.

## ANALYSIS

The United States Supreme Court has addressed federal pleading requirements in recent years, *see generally Iqbal*, 556 U.S. 662 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), leading the Seventh Circuit Court of Appeals to issue additional guidance to the district courts.

> Our system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact. *Cf. Smith v. Duffey*, 576 F.3d 336, 339-40 (7th Cir. 2009) (noting courts' over reliance on *Twombly*). A defendant is owed "fair notice of what the … claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Under *Conley*, just as under *Twombly*, it is not enough to give a threadbare recitation of the elements of a claim without factual support.

*Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). A complaint must contain enough facts to state a claim to relief that is "plausible on its face" – the now familiar

phrase originally used in *Twombly* – and "also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Bissessur*, 581 F.3d at 602-03. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "This said, in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur*, 581 F.3d at 602-03. The Court of Appeals, in an opinion by Circuit Judge Wood, summarized this analysis as follows:

> So what do we take away from *Twombly*, *Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). One month later, Circuit Judge Posner explained: "'[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), *quoting Iqbal*, 129 S. Ct. at 1950.

Under Illinois law, "[t]he elements of civil conspiracy are: (1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Fritz v. Johnston*, 807 N.E.2d 461, 470 (Ill. 2004). "The function of a conspiracy claim is to extend liability in tort beyond the active

wrongdoer to those who have merely planned, assisted or encouraged the wrongdoer's act." *Sain v. Nagel,* 997 F.Supp. 1002, 1017 (N.D.Ill.1998) (quoting *Adcock,* 206 Ill.Dec. 636, 645 N.E.2d at 894).

The paragraphs pertinent to Plaintiff's conspiracy claim make general allegations against Defendants, but are devoid of any detailed or specific facts unique to the conspiracy claim. Plaintiff refers to previous paragraphs in the complaint that outline the events of June 12, 2009. In looking at the amended complaint as a whole, the Court discerns the following with regard to the conspiracy to inflict excessive force: Plaintiff and Deputy Cook exchanged words and an altercation between the two subsequently ensued. Deputy Lustig, who had been standing outside the cellblock where this occurred, entered and assaulted Plaintiff. Sergeant Bludworth helped handcuff Plaintiff and Deputy Huffman used a stun gun on Plaintiff. Plaintiff was stunned several times by Deputy Sayer while Plaintiff was being held down.

This chain of events as pleaded does not allow a reasonable inference that Defendants conspired with each other to deprive Plaintiff of his constitutional rights. Rather, the facts recited by Plaintiff show an altercation that escalated and ultimately required the assistance of others. Plaintiff's theory requires far too many unreasonable inferences in order to state a claim for conspiracy. It simply is not plausible to infer that some sort of agreement was established among all Defendants in the heat of this altercation and subsequent escalation between Plaintiff and Deputy Cook.

After the June 12th incident, Plaintiff asked all Defendants except Deputy Sayer for medical treatment, but received none. Again here, the facts are devoid of anything that allows a reasonable inference of concerted action by Defendants to deny Plaintiff medical care.

Finally, the Court is unable to find any facts to support Plaintiff's malicious prosecution conspiracy theory. Plaintiff has simply made conclusory statements of this malicious prosecution in his complaint and in his response to the motion to dismiss without any support in fact.

Defendants are correct in their assertion that Plaintiff's complaint merely regurgitates the elements of a civil conspiracy claim. Plaintiff has failed to plead factual content that would allow a reasonable inference of a claim for civil conspiracy. The Court is certainly mindful that Plaintiff is proceeding in this matter *pro se*. However, even giving Plaintiff the benefit of the imagination, he has failed to state a claim for civil conspiracy.

## CONCLUSION

Plaintiff's complaint fails to state a claim for civil conspiracy. Defendant's motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6) (Doc. 36) is **GRANTED**. Count four of Plaintiff's amended complaint (Doc. 27) is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED**: May 14, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge